**Opinion issued March 26, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-01079-CR

_____

**CHARLES R. JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1510058**

---

## MEMORANDUM OPINION

Appellant, Charles R. Jones, was found guilty after a jury trial of the first-degree felony offense of aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE §29.03(a)(2). The jury assessed appellant's punishment at 30 years' imprisonment, which is within the applicable sentencing range. *See* TEX. PENAL

CODE §§ 12.32 (first-degree felony punishable by imprisonment from 5 to 99 years or life); 29.03(b) (offense of aggravated robbery is first-degree felony). The trial court certified that this is not a plea-bargain case, and that appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has certified that she mailed a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a response and to access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel certified that she sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436

S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant was provided a copy of the record and filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] *See* TEX. R. APP. P. 43.2(a). Attorney Maite Sample must

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Landau, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).